HAZARD v. POWELL et

Ohio Appeals, 9th Dist., Summit Co.

No. 1182. Decided Nov. 22, 1926

1106a. STOCKS & BONDS—1. Where broker having in his possession a certificate of stock which was endorsed to him in blank, although regularly issued to another, pledges such certificate to secure his debt, the rights of the parties interested in said certificates are governed by the Uniform Stock Transfer Act. (8673-1 to 22 GC.)

2. Where the pledgee receives such certificate "for value, in good faith without notice" (within the meaning of those terms as defined by the act) his rights are superior to those of the owner, even though the act of the broker in pledging the certificate was wrongful and without authority.

WASHBURN, J.

Herbert Hazard deposited with Leland Powell, a broker dealing in stocks and bonds, certain certificates of shares of stock which were delivered to Powell to secure Hazard's account with him, Hazard dealing in stocks on margin. Powell secured certain loans from the Ohio State Bank & Trust Co. by the deposit of the certificates of stock endorsed to him in blank.

Powell failed and the bank sold the certificates of stock and applied the proceeds of such sale to the payment of his indebtedness to it. Hazard brought a suit against the broker and the bank in the Summit Common Pleas and recovered a judgment for the full amount claimed against the broker; but failed to recover against the bank. Error was prosecuted and the Court of Appeals held:

1. The controversy between Hazard and the bank is before the court on petition in error; and the broker although named as a party defendant, was not served with process and is therefore not a party to the error proceedings.

2. It is claimed that the transfer of the certificates by the broker to the bank was wrongful and the bank knew it was wrongful.

3. Under the Uniform Stock Transfer Act (8673-1 to 22. GC.) the endorsement was sufficient to transfer title to the broker; the bank being a pledgee was a purchaser for value; it had no actual notice that the transfer to it was wrongful and the question to be determined is whether or not the Bank received the certificate in "good faith".

4. There was no evidence tending to prove that the bank acted dishonestly or that the transactions were other than in the regular course of business.

5. Sec. 8673-22 GC. provide that "A thing is done in good faith within the meaning of this act, when it is in fact done honestly, whether it be done negligently or not."

6. There being no prejudicial error, the judgment will be affirmed.

Judgment affirmed.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—C. F. Schnee and E. C. Housel for Hazard; Mather, Nesbitt & Willkie for Bank; all of Akron.